# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:16-cr-177 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JUAN J. HIRALDO, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On January 12, 2017, defendant Juan J. Hiraldo ("Hiraldo" or "defendant") was sentenced to a custody term of 188 months, following his guilty pleas to possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 25 (Judgment); *see* Minutes of Proceedings [non-document], 1/12/2017; Doc. No. 18 (Consent to Plead before the Magistrate Judge); Doc. No. 19 (Report and Recommendation ("R&R")); Doc. No. 21 (Order Adopting R&R); *see also* Doc. No. 8 (Indictment).) Now before the Court is Hiraldo's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 37.) Appointed counsel filed a notice of intent not to supplement Hiraldo's *pro se* motion. (Doc. No. 38.) Plaintiff United States of America (the "government") filed an opposition to the motion. (Doc. No. 40.)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a

reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

In his motion, Hiraldo states that based on a recent amendment to the federal sentencing guidelines addressing criminal history points, his guidelines range would be lower.  (Doc. No. 37, at 2.) "Because the amendment has reduced his guideline[s] range," he argues, "he is eligible for a reduction in his sentence." (*Id.*) The government opposes the motion because Hiraldo was determined to be a career offender, for which Amendment 821 is inapplicable. (Doc. No. 40, at 3.)

Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

At the time of sentencing, the Court determined Hiraldo's base offense level to be 24. (*See* Doc. No. 29 (Transcript from Sentencing Hearing), at 3; *see also* Doc. No. 23 (Final PSR), at 5 ¶ 14.) A four-level enhancement was added because defendant possessed a firearm in connection with another felony offense, making the subtotal offense level 28. (Doc. No. 29, at 3.) The Court, however, also determined Hiraldo to be a career offender, making his base offense level 34.  (Doc. No. 29, at 3–4; *see also* Doc. No. 23, at 6 ¶¶ 20, 22.) Hiraldo had prior convictions for burglary, arson, domestic violence, and contempt of court, which collectively scored 11 criminal history points. (*See* Doc. No. 29, at 4; *see also* Doc. No. 23, at 10–19 ¶¶ 32–33, 35, 37–39.) Because Hiraldo committed the instant offense while he was on probation, he received 2 additional "status

points" under § 4A1.1(d). (Doc. No. 29, at 5; *see also* Doc. No. 23, at 18 ¶ 40.) With a total of 13

criminal history points, the guidelines dictated that he was a criminal history category VI. (Doc.

No. 29, at 5; *see also* Doc. No. 23, at 19 ¶ 41.) Additionally, because Hiraldo was a career offender,

his criminal history category was a category VI for this separate reason. (Doc. No. 29, at 5; *see*

*also* Doc. No. 23, at 19 ¶ 42.)[1] The advisory guideline range at offense level 34, criminal history

category VI, was 262 to 327 months. (*See* Doc. No. 29, at 5; *see also* Doc. No. 23, at 24 ¶ 70.) At

the time of sentencing, however, the Court found that Hiraldo accepted responsibility (although he

did so belatedly). (Doc. No. 29, at 22.) After the government moved for an additional one-level

reduction for acceptance, the Court applied a three-level reduction for acceptance of responsibility.

(*Id*.) With a resulting offense level of 31 and a criminal history of VI, the advisory sentencing

guideline range became 188 to 235 months. (*Id.* at 23.) The Court sentenced Hiraldo to a term of

imprisonment of 188 months, at the lowest end of the advisory guidelines range. (Doc. No. 25; *see*

Doc. No. 29, at 31; *see also* Doc. No. 26 (Revised Final PSR).)

Under Part A of Amendment 821, Hiraldo's criminal history score is reduced by 1 to 12,

which corresponds to a criminal history category V. But, by virtue of his status as a career offender,

Hiraldo's criminal history category must still be VI, and his advisory sentencing guideline range

remains 188 to 235 months. Because his guideline range is undisturbed by the Amendment, he is

ineligible for a reduction under Part A of Amendment 821. *See United States v. Cook*, 870 F.3d

464, 470 (6th Cir. 2017) (recognizing that Sixth Circuit "precedent clearly establishes that a

defendant is not eligible for a sentence reduction when the defendant's initial sentence was based

---

[1] Hiraldo was also determined to be an armed career offender, again making his criminal history category a VI. (*See*
Doc. No. 29, at 5; *see also* Doc. No. 23, at 19 ¶ 43.)

on his or her status as a career offender" (citation omitted)); *see, e.g., United States v. Braden*, 643 F. App'x 531, 535 (6th Cir. 2016) (holding that defendant, a career offender, was not eligible for a sentence reduction because the relevant amendment did not lower his applicable guidelines range (citations omitted)).

Because the amended guidelines concerning status points would not have affected the calculation of Hiraldo's sentence, he is, therefore, ineligible for a reduction based on Part A of Amendment 821 concerning "status points." *See, e.g., United States v. Baker*, No. 1:11-cr-56, 2024 WL 3639658, at *2 (W.D. Mich. Aug. 2, 2024) (denying a sentence reduction under Part A, Amendment 821, to career offender because the "amended guidelines concerning status points do not affect the calculation of his sentence" (collecting cases)); *United States v. Rodriguez*, No. 3:95-cr-772, 2024 WL 2235518, at *2 (N.D. Ohio May 17, 2024) (similar). Further, because Hiraldo is ineligible for a sentence reduction based on the Amendment, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.[2][3]

---

[2] Even if the Court proceeded to the second stage, it would not give Hiraldo a sentence reduction. The charges against Hiraldo were serious. Drug trafficking is an inherently dangerous activity, made all the more dangerous by Hiraldo's possession of a firearm. Hiraldo also has an extensive criminal record—including a number of violent offenses (burglary, domestic violence, abduction, endangering children, resisting arrest, assault, arson, and drug trafficking)—which the Court observed at sentencing was "alarming" for such a young person. (Doc. No. 29, at 8, 28.) Based on the foregoing, the Court would have concluded that a sentence reduction would have undermined the need for the sentence imposed to reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence, and protect the public from further crimes of Hiraldo. Based upon these same facts, the Court would have also found that Hiraldo poses a danger to others, making early release inappropriate.

[3] For the same reasons, the Court would have rejected Hiraldo's argument that his conviction under § 922(g)(1) is unconstitutional as applied to him, in light of the Supreme Court's ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). (*See* Doc. No. 37, at 4–9.) In *United States v. Williams*, No. 23-6115, 2024 WL 3912894, at *18 (6th Cir. Aug. 24, 2024), the Sixth Circuit held that "[a] person convicted of a crime is 'dangerous' and can thus be disarmed, if he has committed either a "crime against the body of another" or has committed a crime that "inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary." Hiraldo has numerous convictions for crimes that fit neatly into each category, leading to the inescapable conclusion that he is a dangerous person who may be constitutionally disarmed. *See id*.

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 37) is DENIED.

**IT IS SO ORDERED**.

Dated: September 23, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**